**In re JORDAN.**

Patent Appeal No. 2790.

Court of Customs and Patent Appeals.

Nov. 27, 1931.

Wm. Nevarre Cromwell, of Chicago, Ill., and Earle D. Crammond, of Washington, D.

C. (John W. Cox, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant seeks patent on a "Design for Tire Casing," and has here appealed from a decision of the Board of Appeals of the Patent Office affirming a decision of the examiner rejecting his application.

The design is somewhat difficult of clear description, but, in a general way, it may be said that it comprises a pair of circumferential grooves on either side of which are strips that are notched on the outer edges, which strips, in turn, are bordered by rows of rhomboid blocks. These blocks incline diagonally in the same direction crosswise of the tire, and the blocks of each row are arranged in staggered relation to the blocks of the opposite spaces in the opposite row. Between these rhomboid blocks are rectangular formations depressed below the level of the rhomboid blocks and aligned throughout the length of the row. The foregoing features relate principally to the tire *tread*. On the sides of the tire there are a series of ornamental beads which follow the general curvature of the casing, and the rhomboid-shaped blocks of the tread extend into intersecting relation with these beads.

Appellant emphasizes the fact that his design covers the *tire* or *casing as an entirety* and not merely the *tread* of the casing.

The rejection by the tribunals of the Patent Office was based upon design patents to Willshaw, Design 64,945, June 17, 1924, and Wright, Design 69,339, of January 26, 1926, respectively. In the decision of the Board of Appeals allusion was also made to a design patent to Copley, Design 65,433, August 19, 1924. The Wright patent states that it is a "Design for a Tire." The Willshaw and Copley patents, respectively, state "Design for a Tire Tread."

It is not deemed necessary to give detailed description of the designs of the respective references.

The Board of Appeals said:

"It is quite the usual practice to provide tires, whatever the side ornamentation or de-

sign may be, with the two central circumferential grooves. The references disclose this arrangement. Willshaw discloses a design which is quite similar to that of the applicant, the difference being that the small slots or cut out portions of the central tread do not extend far into the tread and are reversed and staggered with respect to the depressed or cut out portions of the sides of the tire. Designs of tire treads are mainly for utility purposes, the prevention of sliding and skidding, and the ornamental effect is quite secondary. The general appearance of the design of Willshaw, to the average observer, is quite similar to that of the applicant. The patent to Copley, Design 65,433, August 19, 1924, of record in the companion application, discloses quite the same design as to the side portions of the tread as the applicant discloses."

There are, admittedly, features of similarity between appellant's design and the designs of the references; also it may be conceded that, when looked upon with the thought of their respective appearances in mind, it requires no microscopic examination to discern differences between them. Appellant stresses these conceded differences.

Upon a thorough inspection and comparison of the several designs, we are not convinced that the creation of the differences involved the exercise of the inventive faculties, nor do we think that appellant's design in its entirety was inventive over the prior art cited.

The decision of the Board of Appeals is affirmed.

Affirmed.